**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Patrick Kevin Ryan,

Petitioner,

v.

United States of America,

Respondent.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-834 ADM
Criminal No. 98-99 ADM/JGL

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Petitioner Patrick Kevin Ryan's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. No. 67]. For the reasons set forth below, Petitioner's Motion is denied.

## II. BACKGROUND

On April 8, 1998, the United States Grand Jury for the District of Minnesota named Petitioner and another defendant in a two count indictment charging various narcotics violations. On August 5, 1998, a jury found Petitioner guilty of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and with aiding and abetting unlawful possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2.

The Presentence Report ("PSR") calculated Petitioner's Offense Level at 32 based upon a "Drug Quantity" calculation of between 100 and 300 grams of (actual) methamphetamine under U.S.S.G. § 2D1.1(c), resulting in an applicable guideline range of 121 to 151 months imprisonment. The PSR also concluded that a 10-year mandatory minimum term of

FILED AUG 06 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

imprisonment was applicable under 21 U.S.C. § 841(b)(1)(A).

Petitioner objected, claiming the "Drug Quantity" calculation in the PSR should be a Base Offense Level of 28 based upon 220 grams of a methamphetamine mixture, rather than 188 grams of (actual) methamphetamine. The government contended the Sentencing Guidelines direct that in the case of a mixture or substance containing methamphetamine, the offense level is "determined by the entire weight of the mixture or substance, or the offense level determined by the weight of the methamphetamine (actual), whichever is greater." U.S.S.G. § 2D1.1(c). The District Court adopted the findings set forth in the PSR. On December 4, 1998, Petitioner was sentenced to 121 months followed by a 5-year term of Supervised Release.

Petitioner filed an appeal, claiming there was insufficient evidence to support his conviction and that the District Court erred in permitting the Government to present evidence concerning Petitioner's prior narcotics arrest under Federal Rule of Evidence 404(b). On July 29, 1999, the Eighth Circuit affirmed the conviction. See United States v. Ryan, 186 F.3d 901 (8th Cir. 1999).

## III. DISCUSSION

A prisoner may bring a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence if the sentence was imposed in violation of the Constitution or federal statutory laws. A movant must show that the error, if left uncorrected, would result in a "fundamental miscarriage of justice." McCleskey v. Zant, 499 U.S. 467, 494 (1991). A petitioner may also bring a § 2255 claim to correct errors that could have been raised at trial or on direct appeal only if the petitioner shows cause for the default and resulting prejudice. Id. at 494.

Petitioner claims that his sentence was imposed in violation of the Sixth Amendment

right to trial by a jury, as interpreted by the Supreme Court in Apprendi v. New Jersey, 530 U.S. 466 (2000). The Court in Apprendi held "[t]he Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 470. The rule of Apprendi only applies where the non-jury factual determination increases the maximum sentence beyond the statutory range authorized by the jury's verdict. See United States v. Aguayo-Delgado, 220 F.3d 926, 933 (8th Cir. 2000).

Petitioner was convicted at trial of conspiracy to possess with intent to distribute, and distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Regardless of drug quantity, the maximum statutory penalty under 21 U.S.C. §§ 841(b)(1)(C) is twenty years imprisonment. Petitioner was sentenced to 121 months, significantly less than the statutory maximum irrespective of drug quantity. Apprendi is inapplicable. See Aguayo-Delgado, 220 F.3d at 929-30 (holding drug quantity was not required to be charged in the indictment and proven to the jury beyond a reasonable doubt where the district court imposed a sentence less than the statutory maximum without reference to drug quantity); United States v. Chavez, 230 F.3d 1089, 1091 (8th Cir. 2000) (holding Apprendi inapplicable because defendant's sentence did not exceed the statutory maximum without regard to drug quantity).

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 67] is **DENIED**.

BY THE COURT:

Ann Montgomery

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: August 6, 2001